IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MJCM, LLC, etc.,            Case No. 3:07CV01011

        Plaintiff,

v.            ORDER

Intellishops LLC,

        Defendant.

This is an action to enforce an arbitration award. For the reasons that follow, the application to enforce shall be denied, without prejudice.

The parties were engaged in litigation. They attempted to resolve their dispute by settlement. The settlement agreement provided that any disputes arising under the agreement would be submitted to binding arbitration. [Doc. 4, Exh. A].

Within about five weeks of agreeing to settle, the parties disagreed about their rights and duties under the settlement agreement. They submitted their disagreement to an arbitrator, who issued the decision which plaintiff now seeks to enforce. [Doc. 4, Exh. A].

Before plaintiff filed this suit, the defendant had sought from the arbitrator a clarification of an aspect of the arbitrator's decision. In that request, the defendant alleged that there was an ambiguity in the arbitrator's order: namely, with regard to that portion of the arbitrator's decision that instructed plaintiff to provide "copies" of certain materials.

Plaintiff contended that it only had to provide hard copies. The defendant claimed that plaintiff was to provide the materials in electronic format.

The plaintiff did not want to provide the materials in electronic format because doing so would disclose proprietary information, and otherwise help the defendant, who is a competitor of the plaintiff's, and who already was, via the settlement agreement, obtaining many of plaintiff's customers and files relating to them.

The arbitrator agreed that his award needed clarification. Though he initially expressed the view orally that he had intended to have only hard copies of the pertinent documents produced, his subsequently issued "Award Clarification" directed production in an electronic format. [Doc. 6, Exh. 6].

The arbitrator stated, moreover, that his "Award Clarification" was "meant to replace" the original award, which the plaintiff's present application seeks to enforce. [*Id.* at 2].

In its opposition to the plaintiff's application to enforce, the defendant contends that the application must be denied because the award sought to be enforced has been replaced by the arbitrator's "Award Clarification."

Plaintiff, in response, contends that the "Award Clarification," despite its caption and contents, involved, in effect, a reconsideration of the original decision. Such reconsideration, plaintiff argues, is impermissible under the doctrine of *functus officio*. Under that doctrine, once an arbitrator issues an award, his job is done, and his handiwork cannot be revisited. *See generally Sterling China Co. v. Glass, Molders, Pottery, Plastics & Allied Workers Local No. 24*, 357 F.3d 546, 553-54 (6th Cir. 2004).

I disagree with plaintiff's contention that the arbitrator impermissibly exceeded the scope of his authority when he considered the defendant's request for clarification and, after hearing from the parties, issued his "Award Clarification."

The term "copies" is, at least in the context in which the arbitrator used it, ambiguous. This is perhaps best illustrated by the fact that the arbitrator, after initially expressing the view that "copies" meant, and he intended it originally to mean, hard copies, concluded that it had been unclear once the issue and uncertainty were called to his attention and debated before him by the parties. If he, in fact did not, on reflection, know what the term meant, despite his intention and understanding, it's not surprising that at least one of the parties did not either.

Because the "Award Clarification" "replaced" the award which plaintiff seeks in this suit to enforce, the defendant is correct in its contention that there presently is nothing to enforce. Thus, plaintiff's application to enforce the award must be denied.

Such denial is, however, without prejudice to plaintiff's right to seek further judicial review *ab initio* of the arbitrator's decisions: the ruling herein is based on the procedural circumstances, not substance.[1]

It is, therefore,

ORDERED THAT plaintiff's application for confirmation of an arbitration award be, and the same hereby is denied and dismissed, without prejudice.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge

---

[1] I note that plaintiff might have been better advised to have delayed filing this suit until the arbitrator had ruled on the defendant's then-pending request for clarification. Had plaintiff not filed suit when it did, things would, at the very least, have been a lot tidier procedurally.